**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

DALE DANKS, ANTHONY SIMON and
PIETER TEEUWISSEN                                                                   PLAINTIFFS


VS                                             CIVIL ACTION NO. 3:06-cv-209HTW/LRA
                                               CIVIL ACTION NO. 3:06-cv-210HTW/LRA


CLETUS ERNSTER III, CLETUS
ERNSTER III, P.C., ROBERT G.
TAYLOR, II, R.G. TAYLOR, II, P.C.
and ASSOCIATES and DENNIS C. SWEET                                  DEFENDANTS


**ORDER GRANTING REMAND**

Before the court are the motions of the plaintiffs, all Jackson, Mississippi, attorneys, seeking "summary remand" of the above two cases to the respective state court jurisdictions of their origin, namely, the Circuit Court for the First Judicial District of Hinds County, Mississippi, and the Chancery Court of Rankin County, Mississippi. Title 28 U.S.C. § 1446(c)(4) provides for summary remand, stating that "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." The plaintiffs filed this motion to remand on May 10, 2006, thirty days after the defendants' notice of removal had been filed in state court. Persuaded that the plaintiffs herein have the correct legal argument, this court hereby grants their motion for remand in both cases for the reasons which follow.

**Factual Background**

This dispute arises from certain litigation conducted against Dillard's, Inc., by individuals claiming to have suffered wrongful detention based on false accusations of shoplifting and other charges asserted against them by Dillard's, Inc., and its personnel.  The attorney plaintiffs in the instant case explain that they represented eighteen Mississippi residents in lawsuits against Dillard's, Inc., in the Circuit Court for the First Judicial District of Hinds County, Mississippi, *Scott et al. v. Dillard's, Inc.,* Civil Action No. 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-CIV, and *Africa Johnson v. Dillard's, Inc.,* Civil Action No. 251-01-981-CIV.  The attorney plaintiffs say they also represent nine other Mississippi residents in this matter who have yet to file a lawsuit.  The attorney plaintiffs assert that their clients on whose behalf they filed the two lawsuits in Hinds County, Mississippi, are Mississippi residents.  Not all plaintiffs in Civil Action Nos. 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-CIV and 251-01-981-CIV, were residents of Mississippi, 51 of the plaintiffs are residents of other States, and who were represented by the attorneys who are the defendants in the two removed lawsuits before this court, namely, R. G. Taylor, II, and R.G. Taylor, II, P.C. (hereinafter "Taylor"); and Cletus Ernster, III, and Cletus Ernster, III, P.C. (hereinafter "Ernester");  and Dennis Sweet.

According to the attorney plaintiffs, the defendants Ernster and Taylor were associated by attorneys throughout the United States regarding claims by shoppers who say that they were accused falsely of shoplifting by Dillard's, Inc., and detained.  The attorney plaintiffs say they, too, associated Ernster and Taylor in the two Mississippi cases to help represent their clients.

On behalf of the attorney plaintiffs Danks, Simon & Teeuwissen, Anthony Simon signed an agreement styled the **DILLARD'S DEPARTMENT STORE LITIGATION LETTER AGREEMENT** which provides as follows:

> Pursuant to the telephone conversation between Anthony Simon, Dennis Sweet and Cletus Ernster on Wednesday, July 12, 2000, Danks Simon & Teeuwissen shall receive 20% of the gross attorney fees on all cases against Dillards Department Store brought in by the Danks Simon & Teeuwissen law firm (example - Consuelo Jones) and 10% of the gross attorney fees on all other Dillards cases involved in this litigation.
>
> Taylor, Davis & Ernster, Langston, Sweet & Freese and Danks Simon & Teeuwissen shall bear all costs and expenses in proportion to their respective contingent fee interests in the Dillards Department Store cases.
>
> The Dillards litigation refers to cases being brought against Dillards Department Store arising out of the wrongful detention, false imprisonment, negligence and/or profiling of Dillards patrons.
>
> Filing of all pleadings will be handled through Dennis Sweet's office.[1]

This agreement is signed by Cletus Ernster for Davis Taylor and Ernster; by Dennis Sweet for Langston, Sweet and Freese; and by Anthony Simon for Danks, Simon and Teeuwissen on August 8, 2000.

This litigation proceeded on behalf of all these Dillards plaintiffs who were joined in the Hinds County case. Then, on February 19, 2004, the Mississippi

---

[1] Exhibit A to this agreement sets out the fee division approved by the parties.

Supreme Court decided *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092 (Miss. 2004), finding that the Dillards plaintiffs in the case had been improperly joined under Mississippi's Civil Procedure Rule 20(a).[2] Each plaintiff's case, said the Mississippi Supreme Court, had to be severed from those of the plaintiffs who properly could bring their cases in Jones County, Mississippi, and each of the other plaintiffs' cases had to be transferred to the County in which their cases could have been brought independently. This ruling ultimately had great impact on the Hinds County, Mississippi, lawsuits filed by the plaintiffs in the instant case.

On August 19, 2005, Pieter Teeuwissen complained in a letter sent to Cletus Ernster that the firm of Danks, Simon & Teeuwissen was not being kept informed of the litigation's progress and was being excluded from participating in important meetings. Teeuwissen noted that Danks, Simon & Teeuwissen regarded Ernster's correspondence with the clients signed on by Danks, Simon & Teeuwissen to constitute interference with a contractual relationship.

Further, in this letter, Teeuwissen informed Ernster that, because the legal climate in Mississippi had been changed by recent Mississippi Supreme Court

---

[2]Rule 20(a) of the Mississippi Rules of Civil Procedure addresses permissive joinder and provides that, "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

decisions (such as *Janssen*), the firm of Danks, Simon & Teeuwissen was withdrawing its clients from the aforesaid global litigation agreement and would relinquish the right to a percentage of any recovery on behalf of the non-Danks, Simon & Teeuwissen clients which the agreement may have entitled them to receive.

In response to the letter from Danks, Simon & Teeuwissen, on October 3, 2005, Cletus Ernster sent a letter to one Brock Ackers, an attorney for Dillard's, informing him that Danks, Simon & Teeuwissen, with whom he had a firm sharing agreement, had refused to perform and purported to have withdrawn from the agreement.  Ernster told Ackers that Ernster was asserting a lien on any judgment or settlement with Dillard's, Inc., enuring to the benefit of Danks, Simon & Teeuwissen and its clients, claiming that Danks, Simon & Teeuwissen "owes us fees and expenses."  Ernster asked Ackers to inform Dillard's general counsel of this development.  This letter was faxed to Robert Taylor, Dennis Sweet, Pieter Teeuwissen, Anthony Simon and Dale Danks, all parties to the litigation agreement which the plaintiffs in the instant case now seek to have declared to be abrogated.

Meanwhile, the attorney plaintiffs say they were near a settlement agreement with Dillard's Inc., on behalf of their clients, but were unable to consummate those agreements because of the "attorney's lien" assertion made by Cletus Ernster to Brock Ackers.

According to the attorney plaintiffs, the "attorney's lien" asserted by Ernster in his letter to Ackers is a mere unilateral assertion and has no support in Mississippi law.  In absence of an express agreement to permit such a lien for compensation, argue plaintiffs, a lien does not exist, citing *Brahan v. National Life & Accident*

5

*Insurance Company*, 124 Miss. 160, 87 So. 7, 8 (1921), where the Mississippi Supreme Court held that an attorney who had contracted with another attorney in the representation of a client had no charging lien on the client's recovery.  Plaintiffs also contend that Mississippi has adopted no statute governing these circumstances.

On November 17, 2005, the attorney plaintiffs herein filed their first complaint against the above-named defendants in the Circuit Court for the First Judicial District of Hinds County, Mississippi, Civil Action No. 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 CIV, seeking declaratory relief against all defendants.  The attorney plaintiffs asked the Hinds County Circuit Court to declare that a fee and expense "sharing agreement" between the plaintiffs, Ernster, Taylor and Sweet had been terminated and that the plaintiffs had no obligation to these defendants under that document.  Next, the plaintiffs asked that state court to declare an "attorney's lien" filed by the defendant Ernster on behalf of all the defendants in this case to be ineffective and of no legal force.  The plaintiffs also raised the following claims against the defendants Ernster and Taylor:  preliminary and permanent injunctive relief;  tortious interference with a business relationship;  and negligence.  The tort claims were not asserted against the non-diverse defendant Dennis Sweet in the Hinds County lawsuit.  The claims against Sweet in the Hinds County lawsuit pertained only to the plaintiffs' request for declaratory relief regarding the sharing agreement.

Because the defendant Sweet challenged venue in Hinds County, asserting that he was a resident of Rankin County, Mississippi, the plaintiffs filed a second lawsuit on February 28, 2006, in the Chancery Court of Rankin County, Mississippi, Civil Action No. 58813, against the same defendants, seeking declaratory relief

against the same defendants pertaining to the sharing agreement. The Rankin County lawsuit does not assert the claims of interference with a business relationship and negligence included in the Hinds County lawsuit against the defendants Ernster and Taylor.

Defendant Taylor removed the above-styled and numbered causes from their respective state court jurisdictions on April 10, 2006. Defendant Ernster joined in these removals.

The defendants removed these state court cases pursuant to Title 28 U.S.C. §§ 1441, 1446 and 1332.[3] Section 1332 requires complete diversity of citizenship between the parties and a dispute value in excess of $75,000.00, exclusive of costs

---

[3] Title 28 U.S.C. § 1332(a) provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States; ..."

Title 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

Title 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

and interest.  *Lincoln Property Company v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005);  *Sid Richardson Carbon & Gasoline Company v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

The defendants Taylor and Ernster are resident citizens and legal entities of the State of Texas.  The attorney plaintiffs herein are all citizens of the State of Mississippi.  The defendant Dennis C. Sweet, who also is a resident citizen of Mississippi, has not joined in this removal.

Ordinarily, the same State citizenship of the attorney plaintiffs and Sweet would destroy diversity and frustrate any attempt by defendants to remove these lawsuits to this federal forum under a grant of diversity jurisdiction.  The removing defendants, however, contend that the attorney plaintiffs in each of the above-styled and numbered causes improperly joined Dennis C. Sweet as a defendant to avoid federal jurisdiction.  An improperly joined defendant, they argue, need not join in nor consent to the removal since only "defendants who are properly joined and served must join in the removal [notice]."  *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).

After these cases were removed to this court, the attorney plaintiffs filed a notice of withdrawal of their motion to remand in Civil Action No. 3:06-cv-210WA, the removed Rankin County lawsuit.  The plaintiffs still pursue their motion to remand in Civil Action No. 3:06-cv-209WA, the removed Hinds County lawsuit.

### **Fraudulent Joinder**

The defendants assert fraudulent/improper joinder as their basis for removing the Hinds County and Rankin County cases to this federal court.  Fraudulent/improper

joinder is clearly recognized in two situations: (1) where there is actual fraud in the pleading of jurisdictional facts; and (2) where there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood v. Illinois Central R .R. Company*, 385 F.3d 568 (5th Cir. 2004) (en banc), *cert. denied by, Illinois Cent. R. Co. v. Smallwood*, 544 U.S. 992, 125 S.Ct. 1825 (2005), citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).

Both complaints, the Rankin County Chancery Court complaint and the Hinds County Circuit Court complaint, focus upon the sharing agreement which serves as the foundation of this litigation. Count One of the Rankin County complaint, for instance, names defendants Ernster, Taylor and Sweet seeking a declaratory judgment attacking the sharing agreement, while the attorney plaintiffs herein in the Hinds County litigation contend that the "sharing agreement" between the attorney plaintiffs, Ernster, Taylor and Sweet should be declared terminated and that the attorney plaintiffs have no further obligation to the defendants under the agreement.

Notwithstanding the similar directed thrusts of these two complaints towards Sweet, the defendants herein contend that Sweet should be dismissed from this litigation because the attorney plaintiffs in the state court would not be able to establish any liability against Sweet. Defendants champion this argument even though Sweet was a signatory to the sharing agreement at issue. Apparently, defendants' theory is that since the attorney plaintiffs in the Rankin County lawsuit sought injunctive relief against defendants Ernster and Taylor, but not against Sweet, the defendants have evidenced no true interest in recovering against Sweet. As such, say defendants, Sweet should be dismissed from the Rankin County lawsuit. Further,

argue defendants, the Hinds County lawsuit, being identical to the Rankin County lawsuit, is also removable because of its identicality, and Sweet should be dismissed from this lawsuit as well.  Once the court dismisses Sweet from both lawsuits, this court will have diversity of citizenship in both.

Inasmuch as the defendants removed this lawsuit from state court to this federal forum under the aegis of Title 28 U.S.C. § 1332, this court applies the substantive law of Mississippi.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Under Mississippi law, a party is indispensable where a determination by the court would impede or impair that party's interest.  *See Hicks v. Bridges*, 580 So.2d 743, 747 (Miss. 1991) (holding that a party whose interest was not impeded or impaired was not indispensable); *Ladner v. Quality Exploration Co.*, 505 So.2d 288, 290 (Miss. 1987) (parties whose rights would be impeded or impaired properly joined); and *Armstrong v. Canady*, 35 So. 138 (Miss. 1903), cited in *Ladner* (holding that a case was properly dismissed where tenants-in-common were not all joined in the lawsuit).

Federal Circuit Courts have reached similar holdings:  *see Enterprise Management Consultants, Inc. v. United States*, 883 F.2d 890, 894 (10th Cir. 1989); and *Abel v. Brayton Flying Service, Inc.*, 248 F.2d 713 (5th Cir. 1957) (same). Moreover, at least one Circuit Court has ruled that an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined.  *See Naartex Consulting Corporation  v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983).

This court finds that all the defendants, Ernster, Taylor and Sweet, had a contractual interest in the sharing agreement at issue at the time the attorney plaintiffs sought to withdraw from it.  Clearly, a court-ordered modification, rescission, or nullification of this sharing agreement would affect Sweet's contractual interest.

Resultedly, this court must conclude that defendants' removal of these two lawsuits from state court to this federal forum was improper.  Defendants' removal of these two lawsuits from state court is proper only if defendants can show that attorney plaintiffs, as a matter of law, can offer no reasonable basis for predicting that they might establish liability on a claim against the in-state defendant Dennis Sweet. *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 390 (5th Cir. 2000).  Under the circumstances here presented, defendants simply cannot establish this proof and this court cannot find fraudulent joinder.   *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).

### Procedural Irregularity

Under Title 28 U.S.C. § 1446, a defendant has thirty days to remove a case to federal court where a basis for federal subject matter jurisdiction appears on the face of the initial pleading.  *Badon,* 224 F.3d at 389.  Both the Rankin County lawsuit and the Hinds County lawsuit clearly name Sweet as a defendant.  Since Sweet is a Mississippi citizen, as are the attorney plaintiffs, the defendants recognized that nothing on the face of the initial pleading gave rise to removal.

Well beyond the thirty-day limitation for removal, the defendants called upon Title 28 U.S.C. § 1446(b).[4] Section 1446(b) stretches the time limitation for removal where a removing party encounters an "other paper" under the rule which would justify removal.

Although "other paper" is not defined by §1446(b), the statute is clear that the thirty day removal period begins to run when defendant receives the requisite written notice of facts making the case removable. *See Sunburst Bank v. Summit Acceptance Corporation*, 878 F.Supp. 77, 81-82 (S.D. Miss. 1995). In *Brown v. Vickers Employees Credit Union*, 162 F.Supp.2d 528 (S.D. Miss. 2001), the district court, citing *Trotter v. Steadman Motors, Inc.*, 47 F.Supp.2d 791, 793 (S.D. Miss. 1999), observed that the "reference to 'other paper' in § 1446(b) relates 'only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated.'"

For their "other paper," the defendants rely upon a motion for injunctive relief filed by the attorney plaintiffs in the Rankin County lawsuit. This document sought injunctive relief against the defendants Ernster and Taylor, but not against Sweet. Defendants argue that this "other paper" shows attorney plaintiffs were not truly interested in pursuing a liability claim against Sweet.

---

[4] Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

This court disagrees with defendants' reliance upon an "other paper" theory. The injunctive relief requested by the attorney plaintiffs in the Rankin County lawsuit was aimed at the "attorney's lien" asserted by Ernster and did not address the declaratory relief sought against the contract interests of Ernster, Taylor and Sweet. The motion seeking injunctive relief did not waive nor dismiss the declaratory relief claim against Sweet in the Rankin County lawsuit. Accordingly, this motion then cannot serve as the "other paper" predicate for removal of that lawsuit to federal court.

## Withdrawal of Motion

Plaintiffs' attorneys in Civil Action No. 3:06-cv-210WA, the Rankin County lawsuit, filed a notice of withdrawal which purported to abandon their motion to remand in that case. At oral argument, attorney plaintiffs then withdrew this motion and re-urged their earlier-filed motion to remand.

Even had attorney plaintiffs abandoned their motion to remand, this court still would have been persuaded to remand this lawsuit for the grounds earlier-stated. This is because the plaintiffs cannot waive the requirement of original subject matter jurisdiction, or enjoy this court's jurisdiction over a matter where Congress has not granted it. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991); and *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999) (parties may neither consent to nor waive federal subject matter jurisdiction requirements). In both the Hinds County lawsuit and the Rankin County lawsuit diversity is not complete as required by the United States Supreme Court in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806). Until Congress changes the requirements for this court's subject matter jurisdiction and allows district courts to hear cases based on

something less than complete diversity, this court cannot act in the two lawsuits removed to this court. *Smallwood v. Illinois Central R. Co.*, 352 F.3d 220, 225 (5th Cir. 2003).

## **CONCLUSION**

Based on the foregoing, this court hereby remands both of the removed cases to their respective state courts of origin, Civil Action 3:06-cv-209WA to the Circuit Court for the First Judicial District of Hinds County, Mississippi, where it was designated as Civil Action No. 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 CIV, and Civil Action 3:06-cv-210WA to the Chancery Court of Rankin County where it was designated as Civil Action No. 58813.  These cases simply do not feature diversity of citizenship;  the attorney plaintiffs in each action are not diverse in citizenship to Sweet who is a defendant in both actions.

Additionally, this court remands both actions because they were untimely removed.  A removing party has thirty days to remove after the complaint is filed. Defendants removed these actions long after the passage of the thirty-day period. The court further finds that defendants' reliance upon the "other paper" exception of Title 28 U.S.C. § 1446(b) does not apply.

This court hereby remands both actions to state court.  The Clerk of Court is directed to forward these files immediately.

**SO ORDERED** this the 30th day of September, 2007.

                                        **s/ HENRY T. WINGATE**

                                        _____
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-209 HTW-LRA
Civil Action No. 3:06-cv-210 HTW-LRA  Order Granting Remand